IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JONATHAN MENGISTEAB, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-16-2947 |
| SPRINGFIELD HOSPITAL CENTER, et al., | * | |
| | * | |
| Respondents. | | |

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Jonathan Mengisteab's Petition for Writ of Habeas Corpus (ECF No. 1). The Petition is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the following reasons, the Court will dismiss the Petition without prejudice.

### I. BACKGROUND[1]

On October 1, 2014, Howard County police responded to a report that Mengisteab was using a shovel to attempt to break into an apartment. (Resp'ts' Resp. Pet. ["Resp."] Ex. 1 at 6–7, ECF No. 5-1). Mengisteab told the police that he was there to see his friend and to get his things from his friend's apartment, but the only information Mengisteab was able to provide was a first name. (Id.). Police arrested Mengisteab. (Id. at 7). Mengisteab later told police that he went to the apartment to check on a girl he had met the previous

---

[1] Mengistead does not dispute the Exhibits Respondents attach to their Response. Accordingly, the Court relies on Respondents' Exhibits in setting forth the facts and in assessing Mengisteab's Petition.

evening and that none of his things were in the apartment. (Id.). Mengisteab was charged with fourth degree burglary, malicious destruction of property, and fourth degree attempted robbery. (Id. at 1); see also Maryland v. Mengisteab, No. 0T00089824 (D.Ct. Howard Cty. Oct. 1, 2014). Police advised Mengisteab not to return to the apartment complex and released him. (See Resp. Ex. 1 at 7)

The next day, October 2, 2014, Mengisteab returned to the same apartment at approximately 12:10 a.m., banged on the door, and identified himself as a police officer. (Id.). Mengisteab fled before the police arrived, and he returned several hours later. (Id.). Police responded, and Mengisteab told them that he was there to check on a female friend, but he was unable to provide any of her identifying information. (Id.). Mengisteab was charged with trespass and harassment and was again instructed not to return to the apartment complex. (Id. at 1); see Maryland v. Mengisteab, No. 4T00089828 (D.Ct. Howard Cty Oct. 2, 2014). Later the same day, the District Court of Maryland, sitting in Howard County, issued a Peace Order against Mengisteab for the occupant of the apartment. No. 1001SP009752014 (D.Ct. Howard Cty); (see also Resp. Ex. 1 at 8; Id. Ex. 2 at 5, ECF No. 5-2).[2]

On October 13, 2014, Mengisteab called 911 for an ambulance for medical assistance for a woman he said was in an apartment at the complex and he could not gain access. (Resp. Ex. 1 at 7). A tenant at the apartment complex also called 911, but he to reported that Mengisteab was again on the property and that he was banned from the

---

[2] Citations to Exhibit 2 to Respondents' Response refer to the pagination the Court's Case Management and Electronic Case Files ("CM/ECF") system assigned.

apartment complex. (Id.). When the police arrived, they found Mengisteab in front of the apartment building. (Id. at 7–8). He "appeared confused" and "stated that someone in either Apartment C1 or C4 needed medical attention." (Id. at 8). Apartment C4 was the apartment involved in the October 1 and 2, 2014 incidents and where the occupant with the Peace Order resided. (Id.). The resident of Apartment C1 denied needing medical attention and the resident of Apartment C4 denied having any connection to Mengisteab prior to the October 1, 2014 incident and resulting Peace Order. (Id.). Based on this incident, Mengisteab was charged with failing to comply with a Peace Order. Maryland v. Mengisteab, No. 2T00089882 (D.Ct. Howard Cty Oct. 13, 2014); (see also Resp. Ex. 2 at 3).

On December 18, 2014, the District Court ordered a mental health evaluation for Mengisteab to assess his criminal responsibility at the time he allegedly committed the offenses and his competency to stand trial. (Resp. Ex. 3, ECF No. 5-3). On February 19, 2015, Dr. Charles Zeitler and Lindsey Peterson, M.S., J.D., filed their report. (Resp. Ex. 2 at 1). In their report, they opined that Mengisteab understood the nature and objective of the proceedings against him, was able to assist in his own defense, and was competent to stand trial. (Id. at 5). They reported, however, that Mengisteab "lacked substantial capacity to appreciate the criminality of his conduct and to conform his behavior to the requirements of law." (Id. at 13).

On September 18, 2015, the District Court found Mengisteab not criminally responsible ("NCR") on the charge of failing to comply with a peace order. (Resp. Ex. 4, ECF No. 5-4). The remaining charges were entered as nolle prosequi. (Id. Ex. 2 at 1, 6).

The District Court committed Mengisteab to the Department of Health[3] at Springfield Hospital ("Springfield") in Sykesville, Maryland. (Id. Ex. 4).

On August 22, 2016, Mengisteab filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (ECF No. 1). Respondents filed their Response to the Petition for Writ of Habeas Corpus on October 10, 2016. (ECF No. 5). On February 21, 2017, Mengisteab filed a Reply. (ECF No. 7).

## II.  DISCUSSION

In his Petition, Mengisteab asserts that he is being unlawfully held at Springfield. (Pet. Writ Habeas Corpus ["Pet."] at 5–6, ECF No. 1).[4] Mengistead avers that: (1) he is "held without bond, which was prepaid for a length of two weeks in Howard County Jail" and is from Virginia where he is on probation, (Pet. at 6);[5] (2) he was misdiagnosed as schizophrenic after a one-day evaluation; (3) he is eligible for discharge as a committed person who is not a danger as a result of mental disorder, "according to [the] "Maryland Code," (Pet. at 10); and (4) he is a "highly functioning individual who is Level 2," has maintained a job, and had "never been in seclusion or restraints," (Id.). Respondents counter that Mengisteab is lawfully confined at Springfield pursuant to a court order that found him NCR, and the Petition should be dismissed because Mengisteab has not

---

[3] At the time the District Court issued the commitment order, the Department of Health was named the Department of Health and Mental Hygiene. On July 1, 2017, the name changed to the Department of Health. H.B. 180, 2017 Leg., 437th Sess. (Md. 2017).

[4] Citations to the Petition refer to the pagination CM/ECF assigned.

[5] Mengisteab's allegations that he was held without bond and was on probation from Virginia do not specify a relevant time period.

exhausted his state law remedies.[6] The Court agrees that Mengisteab has failed to exhaust his state remedies.

As a threshold matter, the Court notes that Mengisteab filed his Petition using a pre-printed form for 28 U.S.C. §2254 petitions. (See Pet.). Mindful that Mengisteab is self-represented, the Court liberally construes the Petition and treats it as properly filed under to 28 U.S.C. § 2241. (See Sept. 22, 2016 Order, ECF No. 3).

Under § 2241, federal district courts have the "broad authority" to hear petitions for writs of habeas corpus filed by those claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." Timms v. Johns, 627 F.3d 525, 530 (4th Cir. 2010) (quoting 28 U.S.C. § 2241(a)). Nevertheless, the Court's authority to issue a writ "is not boundless." Id. Even where the Court has the power to issue a writ, it must consider whether to exercise that power. Id. (quoting Munaf v. Geren, 553 U.S. 674, 693 (2008)). Thus, in the absence of exceptional circumstances, courts generally require the exhaustion of alternative remedies before an individual can seek federal habeas relief. Id. at 530–31 (first quoting Bowen v. Johnston, 306 U.S. 19, 27 (1939); and then quoting Boumediene v. Bush, 553 U.S. 723, 793 (2008)) (applying exhaustion requirement to § 2241 petition challenging civil commitment); see also Toomer v. Corcoran, No. DKC-18-1252, 2018 WL 6423904, at *2 (D.Md. Dec. 6, 2018) ("Thus, before seeking federal habeas

---

[6] Respondents also argue that the Petition should be dismissed because it fails to name the proper respondent. Because the Court will dismiss Mengisteab's Petition without prejudice due to his failure to exhaust state remedies, the Court declines to address this argument.

corpus relief, Petitioner must exhaust each claim presented by pursuing remedies available in state court.").

To establish exhaustion, each claim must be "fairly presented" to the state courts. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A claim is "fairly presented" where "both the operative facts and the controlling legal principles" were presented to the state court. Id. (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). In this case, "[e]xhaustion includes appellate review in the Court of Special Appeals of Maryland and, where appropriate, the Court of Appeals of Maryland." Toomer, 2018 WL 6423904, at *2.

Under Maryland law, while committed to a mental health facility, a petitioner has the right to file a petition for release in the state circuit court located in the county where he resides, where he resided before admission to the facility, or where the facility is located. See Md. Code Ann. Health Gen. ["HG"] § 10-805(a), (b) (West 2019). A petitioner may appeal the denial of a petition for release. HG § 10-805(h). In addition, when an individual is committed to a mental health facility because he has been found NCR, he is entitled to a release hearing within fifty days after his date of commitment. Md. Code Ann., Crim Proc. ["CP"] § 3-115(a) (West 2019). A committed person is eligible for discharge or conditional release from commitment "only if that person would not be a danger, . . . to self or to the person or property of other" if discharged or released "with conditions imposed by the court." CP § 3-114(b), (c).

Here, the record shows Mengisteab was committed to Springfield on September 18, 2015 after the Court determined him NCR. In reports issued in October 2015 and February

2016, psychiatrist Dr. Katherine Cinnamon recommended, and Mengisteab initially agreed, to postpone his fifty-day hearing. (Resp. Exs. 5–6, ECF Nos. 5-5, 5-6). On February 11, 2016, an Administrative Law Judge ("ALJ") conducted a fifty-day hearing in which Mengisteab sought his discharge or conditional release. (Id. Ex. 7, ECF No. 5-7). On February 17, 2016, the ALJ issued a decision recommending that Mengisteab remain committed for additional inpatient treatment. (Id. at 11). On March 7, 2016, the District Court adopted the ALJ's recommendations. (Id. Ex. 8). Neither Respondents nor Mengisteab provide evidence that Mengisteab appealed the District Court's decision.[7]

In addition, Maryland Judiciary Case Search shows that on June 13, 2016, Mengisteab filed a habeas petition in Case No. 2T00089824. The outcome of the Petition is unclear and the case remains open.

Here, while Mengisteab may have initiated a challenge in state court to his confinement, he provides no evidence that he has fully exhausted his remedies through appeal. Further, no special circumstances exist here to justify this Court's intervention where there are procedures in place to protect Mengisteab's constitutional rights. See Drayton v. Hayes, 589 F.2d 117, 120–21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971). Based on the

---

[7] With his Response, Mengisteab filed a copy of a December 21, 2015 letter he wrote to the judge in his District Court case stating that when he pleaded guilty and his cases were resolved through an NCR he did not know that he would be in the mental health care system for several years even after "successful treatment." (Petr.'s Reply Ex. 1, ECF No. 7-1). Mengisteab does not assert, however, that he has exhausted his remedies to challenge his commitment order.

record before it, the Court concludes that Megisteab has failed to exhaust his state remedies. Accordingly, the Court will dismiss the Petition without prejudice.[8]

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Mengisteab's Petition for Writ of Habeas Corpus (ECF No. 1). A separate Order follows.

Entered this 21st day of June, 2019. _____/s/_____
George L. Russell, III
United States District Judge

---

[8] Springfield has informed Court staff that it does not show Mengisteab is presently at Springfield. Pursuant to the Local Rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions. See Local Rule 102.1.b.iii. (D.Md. 2018).